IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BARRY MICHAEL PRATT, JR.                                                                 PLAINTIFF

v.                          Civil No. 1:23-cv-01039-BAB

RICKY ROBERTS; and
CHEIF DEPUTY CHARLIE PHILLIPS                                                        DEFENDANTS

## ORDER

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeded *pro se* and *in forma pauperis*. Currently before the Court is Defendants' Motion to Compel Discovery and Brief in Support. (ECF Nos. 25, 26). Plaintiff did not respond and the time to do so has expired.

In their Motion, Defendants seek an order compelling Plaintiff to participate in an oral deposition. On December 21, 2023, Defendants attempted to take Plaintiff's oral deposition via zoom videoconference. Plaintiff was properly noticed, and the videoconference was organized and set up at the Omega Unit-Arkansas Division of Correction where Plaintiff was incarcerated at the time. Defendants attached the transcript of the attempted deposition to their Motion. (ECF No. 25-1). The transcript consists of forty-two pages. The majority of which include nonresponsive answers from Plaintiff. At the forty-page mark Plaintiff states:

> I'm tired of listening to your question. Anything else you want to know, get me in a courtroom. This is just a deposition. I could give a shit about your anymore. Get me in the courtroom in front of a judge.
> . . .
>
> I don't want to talk to this man no more. Enough is enough. I'm ready to go. I will not talk to that idiot ever again.

(ECF No. 25-1, p. 40) (errors in original). Plaintiff then got up and walked away from the video.

1

Defense counsel questioned the Lieutenant escorting Plaintiff, and it was determined that Plaintiff was refusing to participate any further. *Id.* at 41.

The scope of discovery in a civil case is governed by Federal Rule of Civil Procedure 26, which provides in part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> i. The discovery sought is unreasonable, cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> ii. The party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> iii. The proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). Further, under rule 26(c), "[t]he Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c).

The burden is generally on the party resisting discovery to show why discovery should be limited. *Cincinnati Ins. Co. v. Fine Home Managers, Inc.*, 2010 WL 2990118, at *1 (E.D. Mo. July 27, 2010). In carrying this burden, the objecting party cannot rely on mere statements and conclusions but must specifically show how the objected-to disclosures would be irrelevant or overly burdensome, overly broad, or oppressive. *See St. Paul Reinsurance Co., Ltd. v. Comm. Fin. Corp.*, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000) (collecting cases).

The Federal Rules of Civil Procedure also allow parties to depose one another as part of the discovery process. Plaintiff may object to questioning or testimony, but he must proceed to answer the questions once his objection is lodged. *See* Fed. R. Civ. P. 30(c)(2). Plaintiff may only refuse to answer questions: (1) to preserve a privilege; (2) to enforce a limitation ordered by the Court; or (3) to present a motion that the deposition should be terminated because it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses Plaintiff. *Id.;* Fed R. Civ. P. 30(d)(3). Plaintiff has failed to show any of these three exceptions to Rule 30 here.

Accordingly, Defendants' Motion to Compel (ECF No. 25) is hereby **GRANTED.** Plaintiff is **ORDERED** to participate in his own oral deposition pursuant to the Federal Rules of Civil Procedure. Furthermore, Plaintiff is advised, should he again refuse to participate in his deposition without legitimate cause (as explained above), the Court **SHALL** impose sanctions up to and including dismissal of Plaintiff's action for failure to prosecute. Lastly, Plaintiff is cautioned regarding the civility expected in these court proceedings. A deposition is a component of this court proceeding, and Plaintiff has chosen to represent himself in this proceeding. Therefore, the Court expects Plaintiff to conduct himself in a civil manner during any future depositions, to treat opposing counsel with courtesy, and to refrain from name calling and abusive language when interacting with opposing counsel.

The parties **SHALL** conclude all remaining discovery no later than June 3, 2024 and summary judgment motions are due no later than July 10, 2024.

IT IS SO ORDERED this 10th day of April 2024.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE